NO









NO. 12-10-00321-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

                                                                             '     

IN RE: MICHAEL KENNEDY,

RELATOR                                                          '     ORIGINAL
PROCEEDING

 

                                                                             '     

 





MEMORANDUM
OPINION

PER
CURIAM

            Relator
Michael Kennedy has filed a petition for writ of mandamus in which he relies on
three grounds for the requested relief.  

 

Relator’s Complaints

            Relator
first urges that there is no evidence to support his conviction for theft and complains
that the trial court has refused to address his appeals or his motion for new
trial.  When a conviction has been affirmed on appeal and the mandate has
issued, general jurisdiction is not restored in the trial court.  State
v. Patrick, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002).  Instead, the
trial court has special or limited jurisdiction to ensure that the higher
court’s mandate is carried out and to perform other functions specified by
statute, such as finding facts in a habeas corpus setting or determining
entitlement to DNA testing.  Id.  In December 2009, we affirmed Relator’s
theft conviction, reversed the trial court’s judgment as it related to his
punishment, and remanded the case to the trial court for a new punishment
hearing.  See Kennedy v. State, No. 12-08-00246-CR, 2009 WL
4829989, at *4 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (mem. op., not
designated for publication).  Consequently, the trial court’s jurisdiction now
is statutorily limited to punishment issues.  See Tex. Code Crim. Proc. Ann. art.
44.29(b) (Vernon 2010) (addressing effect of remand when reversible error pertains
to punishment only).  Therefore, the trial court has no jurisdiction to address
issues relating to Relator’s conviction.  See id.   

            Relator
next alleges that the trial court has failed to issue a capias requiring his
immediate transfer to the Anderson County jail where he would remain until
after his October 26, 2010 punishment hearing.  Specifically, Relator asserts
that he filed a motion for the issuance of a capias and the trial court was
required to “comply with” the motion within ninety days.  As authority, he
cites Texas Rule of Appellate Procedure 51.2.  However, rule 51.2 relates to
the issuance of a capias when the judgment contains a sentence of confinement
or imprisonment that has not been suspended and the defendant is not in
custody.  See Tex. R. App. P. 51.2(b)(1). 
Rule 51.2 does not apply to the facts presented here.

            Finally,
Relator maintains that the trial court has refused to rule on Relator’s motion
to represent himself at the upcoming punishment hearing.  Relator has furnished
this court a copy of the notice of setting provided to him by the trial court. 
The notice specifically states that “[a]ny pre-trial matters set out in Article
28.01 of the Texas Code of Criminal Procedure must be raised by pleadings
filed seven days before the pre-trial hearing, and will not thereafter
be allowed to be raised or filed except by permission of the Court for good
cause shown.”  Relator has not alleged anything in his petition that causes us
to believe the trial court will not address all pretrial motions prior to the
hearing.  

 

Conclusion

            This
court has authority to issue a writ of mandamus in a criminal case only if the
relator shows (1) he has no adequate remedy at law and (2) the act sought to be
compelled is ministerial.  Ater v. Eighth Court of Appeals, 82
S.W.2d 241, 243 (Tex. Crim. App. 1991).  Based upon our review of the record
and the foregoing analysis, we conclude that Relator has not made the required
showing and therefore has not established that he is entitled to mandamus relief.
 Accordingly, we deny Relator's petition for writ of mandamus.

Opinion delivered October 20, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO NOT PUBLISH)